# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-746

**TRINITY UNIVERSAL INSURANCE COMPANY**

**VERSUS**

**DARRYL JAMES LYONS, SR., ET AL.**

************

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-3646
HONORABLE WILFORD D. CARTER,
DISTRICT COURT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Kirk L. Landry
Brian W. Hightower
Keogh, Cox & Wilson, Ltd.
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821-1151
(225) 383-3796
COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Trinity Universal Insurance Company**

**John R. Keogh**
**4605 Angelle Drive**
**Sulphur, Louisiana 70663-3938**
**(337) 626-8616**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Trinity Universal Insurance Company**

**James L. Pate**
**Jason T. Reed**
**LaBorde & Neuner**
**Post Office Drawer 52828**
**Lafayette, Louisiana 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Westlake**

**GENOVESE, JUDGE.**

Following an incident of arson involving its insured, American Legion Post # 370 (American Legion), Plaintiff, Trinity Universal Insurance Company (Trinity), filed a subrogation claim against Defendant, the City of Westlake (City), to recoup the amounts it paid to its insured. The City filed a motion for summary judgment on the ground that it had no legal duty to prevent the act of arson. The trial court granted the City's motion for summary judgment and Trinity appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The instant litigation was the subject of a previous appeal to this court, wherein we summarized the facts as follows:

> In 1999, the Westlake Fire Department instituted a program for junior volunteer firefighters. These young volunteers received essentially the same training that adult volunteer firefighters received. Beginning in early March 2000, James [Lyons, Jr. (Lyons), a junior volunteer firefighter with the City,] started three fires in Westlake, the last being the fire at the American Legion. During that same time, he stole payroll checks and gas cards from the Westlake Fire Department. The record indicates that [Lyons] had been a volunteer for approximately fifteen months when he set the fire at the American Legion.
>
> [Lyons'] identity as the arsonist came to light when Jarrod [sic] Roy [(Jared)], his friend and co-volunteer, related his suspicions that [Lyons] set the fire at the American Legion to the police during its investigation of the fire. Jarrod [sic] had related his suspicions to [Jacques Picou (Picou),] the assistant fire chief[,] before the fire. The police questioned [Lyons], and he confessed that he started it. He also confessed to starting the other two fires.

*Trinity Universal Ins. Co. v. Lyons*, 04-1494, p.1 (La.App. 3 Cir. 3/2/05), 896 So.2d 298, 299.

Following the fire, and in accordance with its subrogation rights set forth in the fire insurance policy, Trinity filed suit against Lyons, his parents, and the City. Summary judgment was later granted in favor of Trinity against Lyons and his parents

1

on the issues of liability and damages. Thus, the claims which remained were those asserted by Trinity against the City.

Trinity asserted liability against the City on three grounds: "1) the City had a duty to conduct psychological testing on junior volunteer firefighters; 2) the City had a duty to act on [Jared's] suspicions when he related them to the assistant fire chief; and 3) the City was vicariously liable for [Lyons'] arson under La.Civ.Code art. 2320." *Id*. at 300. The City filed its first motion for summary judgment, which the trial court granted, finding no liability under the first and third grounds set forth above. The trial court also found there was not sufficient time for the City to have taken action based upon the suspicions of Jared. On appeal, this court reversed the trial court's ruling, finding that "[t]here [was] not enough information in the record to make this determination" and remanded the matter to the trial court "to determine whether Jarrod's [sic] previous suspicions[,] coupled with the information on July 25, 2000[,] warranted investigation by the City of Westlake before the American Legion fire was set." *Id*. at 302.

Subsequently, the City reurged its motion for summary judgment which was again granted by the trial court. It is from this judgment that Trinity appeals. For the following reasons, we affirm.

**ISSUES**

In its appellate brief, Trinity assigns six errors of the trial court, raising the following issues:

I. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN MISINTERPRETING THE DECISION OF THE THIRD CIRCUIT COURT OF APPEAL?

II. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN GRANTING DEFENDANTS' [SIC] MOTION FOR SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF MATERIAL FACT REMAINS AS TO THE TIME THE FIRE WAS STARTED?

2

III. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN GRANTING THE MOTION FOR SUMMARY JUDGMENT WHEN THE STATEMENT OF UNCONTESTED FACTS INCLUDED WITH DEFENDANTS' [SIC] MOTION FOR SUMMARY JUDGMENT INCLUDED FACTUAL MISREPRESENTATIONS?

IV. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN UTILIZING AN INCORRECT LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT?

V. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN GRANTING THE MOTION FOR SUMMARY JUDGMENT WHEN THE STATEMENT OF UNCONTESTED FACTS AND THE AFFIDAVIT OF CHIEF MCCELLAND INCLUDED WITH DEFENDANTS' [SIC] BRIEF CONTAINED ERRORS?

VI. DID THE TRIAL JUDGE COMMIT LEGAL ERROR IN RULING THAT THE CITY OF WESTLAKE DID NOT HAVE SUFFICIENT TIME TO TAKE ACTION TO PREVENT JAMES LYONS FROM COMMITTING ARSON?

Despite the issues set forth by Trinity, we are bound by the prior opinion and final judgment of this court which limits our inquiry solely to the City's "knowledge of Jarrod's [sic] suspicions and whether it could have investigated those suspicions and prevented the fire at the American Legion." *Id*. at 302.

## LAW AND ARGUMENT

"Appellate courts review summary judgments *de novo,* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Richard v. Hall*, 03-1488, p.4 (La. 4/23/04), 874 So.2d 131, 137 (citing *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783). The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

In denying the prior summary judgment in these proceedings, this court recognized that Jared's statements seemed to indicate that he had told Assistant Fire

3

Chief Picou of his suspicions *prior* to the night of July 25, 2000. "If in fact he did, the City may have had time to conduct an investigation to determine whether his suspicions were correct." *Trinity*, 896 So.2d at 302. A review of the record now before us clearly indicates that this fact is no longer at issue.

It was established in the prior proceeding that there had been a number of fires occurring over a two-week period in the City of Westlake. On July 25, 2000, the night of the fire at the American Legion, Jared spoke to Lyons. When parting, Lyons commented to Jared that he would see him later. This statement aroused suspicion in Jared that Lyons might be the individual responsible for starting the recent fires, since it seemed to him that when Lyons would make such a statement, a fire did actually occur that night. Therefore, when Jared got off work, sometime after 9:15 p.m., he informed Assistant Fire Chief Picou of his suspicions of Lyons' recent activity and the conversation between Lyons and him earlier that night. The fire at the American Legion building began between 12:00 a.m. and 1:00 a.m.

Our review of the record reveals that there is no remaining question of fact regarding the City's knowledge, vel non, of Lyons' involvement in the arsons *prior* to the conversation between Jared and Assistant Fire Chief Picou the night of July 25, 2000. At no time prior to this conversation had Jared communicated to Assistant Fire Chief Picou and/or Fire Chief McClelland any concerns regarding Lyons' involvement in or with the recent fires in the City. Additionally, prior to the conversation that evening, neither Fire Chief McClelland nor Assistant Fire Chief Picou had any suspicion that Lyons had committed any acts of arson.

Although Trinity argues that genuine issues of material fact remain in dispute because the above times were not established with certainty, we disagree. The evidence establishes that the City's first knowledge that Lyons might have been responsible for any previous arsons, and that he might commit arson the night of July

4

25, 2000, was when Jared made Assistant Chief Picou aware of his suspicions sometime after 9:15 p.m. on July 25, 2000. The fact that there was no *prior* knowledge on the part of the City was unrefuted. Therefore, we find no "error with the trial court's conclusion that this short period of time was insufficient for the City to have acted." Accordingly, the judgment of the trial court granting the City's motion for summary judgment is affirmed.

## **DECREE**

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the City of Westlake is affirmed.

Costs of this appeal are assessed against Plaintiff/Appellant, Trinity Universal Insurance Company.

**AFFIRMED.**